UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY KEITH CLINTON, | ) | CASE NO. 4:25-cv-1279 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| HON. GINA M. GROH, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

**I.  INTRODUCTION**

*Pro se* Plaintiff Gregory Keith Clinton, a federal prisoner at FCI Elkton, filed this *Bivens* action against United States District Court Judge Gina M. Groh. (ECF No. 1). Judge Groh presided over the 2017 criminal prosecution and conviction of Clinton in the United States District Court for the Northern District of West Virginia. *See United States v. Clinton*, No. 3:17-cr-5 (N.D. W. Va.). Clinton generally alleges that, because he is a sovereign citizen, the criminal charges against him did not apply, he was illegally seized, his sentence was illegal, and Judge Groh did not have judicial authority over him. (ECF No. 1, PageID #6). He asserts claims for "Constitutional Violation, Violation of the Law of the Nations, UCC § 1-308, § 1-207, Deprivation of Rights Under Color of Law, Personal property taken, Deprivation of Society, Unlawful Arrest, Unlawful conviction, Lose of Time [sic], … [and] Deliberate Indifference . . . ." (*Id.*). For relief, Clinton requests monetary damages and injunctive relief in the form of release from prison, reversal of his conviction, and return of personal property. (*Id.*).

The complaint also contained a construed request to proceed *in forma pauperis*, which the Court addresses and grants in a separate, contemporaneous order. For the reasons discussed below, the instant complaint is **DISMISSED**.

## II. FACTUAL BACKGROUND

On March 21, 2017, a federal grand jury issued a superseding indictment charging Clinton with one count of felon in possession of a firearm and four counts of drug trafficking. Superseding Indictment, ECF No. 40, *United States v. Clinton*, No. 3:17-cr-5 (N.D. W. Va. Mar. 21, 2017). After proceeding to trial, the jury returned a verdict and found Clinton guilty of possession of a firearm convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), possession of cocaine base, in violation of 21 U.S.C. § 844, and possession of cocaine hydrochloride, in violation of 21 U.S.C. § 844. Verdict, ECF No. 182, *United States v. Clinton*, No. 3:17-cr-5 (N.D. W. Va. Apr. 19, 2018). On August 27, 2018, Judge Groh sentenced Clinton to a 264-month total term of imprisonment to be followed by a five-year term of supervised release. Judgment, ECF No. 205, *United States v. Clinton*, No. 3:17-cr-5 (N.D. W. Va. Aug. 29, 2018). Clinton is currently serving his sentence at FCI Elkton. (ECF No. 1, PageID #3).

## III. STANDARD OF REVIEW

Clinton is proceeding *in forma pauperis*, so his complaint is subject to initial screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, federal district courts are expressly required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550

U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief on its face. *Id.* at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Iqbal*, 556 U.S. at 678. Even though the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## IV. DISCUSSION

Upon review, the Court finds that Clinton's complaint must be dismissed under § 1915(e)(2)(B). To begin, the Northern District of Ohio is not the proper venue for this case. "[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action." 28 U.S.C. § 1390(a). Section 1391 governs venue for all civil actions brought in federal court. That statute provides that a civil action may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the state in which the Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as

provided by this section, any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). None of these circumstances applies in this case. The defendant is a District Court Judge in the Northern District of West Virginia, who does not appear to be a resident of Ohio, and Clinton's arrest, prosecution, and conviction all occurred in West Virginia. Therefore, the United States District Court for the Northern District of West Virginia, not the Northern District of Ohio, would be the proper venue for this case.

District courts have authority to transfer or dismiss cases, on motion or *sua sponte*, where venue is improper. 28 U.S.C. § 1406(a). The choice between dismissal and transfer falls within the sound discretion of the district court. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). A court should transfer a case "if it be in the interest of justice." 28 U.S.C. § 1406(a). For the reasons discussed below, the Court finds that it would not be in the interest of justice to transfer this matter, declines to transfer the case, and concludes that dismissal of the complaint is warranted.

Even liberally construed, the complaint fails to state a claim upon which relief may be granted for several reasons. First, all of Clinton's claims are premised on the proposition that he is a sovereign citizen and thus the district court and Judge Groh lacked jurisdiction over him. This argument lacks any merit. *See United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases where circuit courts have dismissed complaints based on sovereign citizenship). Courts have routinely rejected arguments based on the theory of sovereign citizenship as frivolous and without extended discussion. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."); *United States*

4

*v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected [the defendants'] theories of individual sovereignty, immunity from prosecution, and their ilk."); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law); *Bey v. McCandless*, No. 1:22-cv-554, 2023 U.S. Dist. LEXIS 56663, at *3 (N.D. Ohio Feb. 28, 2023) (collecting cases), *report and recommendation adopted in relevant part*, 2023 U.S. Dist. LEXIS 55598 (N.D. Ohio Mar. 30, 2023); *Payne v. Klida*, No. 15-cv-14127, 2016 U.S. Dist. LEXIS 14968, at *12–14 (E.D. Mich. Jan. 6, 2016) (citing cases), *report and recommendation adopted* 2016 U.S. Dist. LEXIS 14649 (E.D. Mich. Feb. 8, 2016); *Davis v. McClain*, No. 2:19-cv-3466, 2019 U.S. Dist. LEXIS 194920, at *6–8 (S.D. Ohio Nov. 8, 2019) (collecting cases that reject claims by prisoners that federal or state governments have no jurisdiction over them because they are "sovereign citizens"); *Muhammad v. Smith*, No. 3:13-cv-760, 2014 U.S. Dist. LEXIS 99990, at *6–8 (N.D.N.Y. July 23, 2014) ("Theories presented by . . . sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources." ) (collecting cases). Simply put, Clinton's arguments and claims are frivolous and there is no basis to conclude that the district court and Judge Groh lacked jurisdiction over him.

Second, Clinton cannot challenge his conviction and sentence in a civil rights action. Beginning with *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), federal courts have drawn careful lines between relief properly considered in a habeas corpus action and relief that is proper to a civil rights action under 42 U.S.C. § 1983. Since then, "[c]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (cleaned up); *see also Preiser*,

411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Because Clinton challenges the validity of his criminal conviction and sentence, and seeks release from custody, his claim is not cognizable in a civil rights action. His complaint therefore fails to state a plausible claim upon which he may be granted relief.

Finally, Judge Groh is entitled to absolute immunity. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Federal judges retain absolute immunity from liability as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Mireles*, 502 U.S. at 11–12; *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). The Sixth Circuit has held that absolute immunity in *Bivens* actions against federal judges, such as this case, extends to requests for damages as well as injunctive and other forms of equitable relief. *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003); *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001). None of the limited exceptions to absolute immunity apply in this case.

Notably, this is not the first time that Clinton has been informed by a district court that federal judges are entitled to judicial immunity for actions taken while presiding over judicial proceedings. *See Clinton v. Niemeyer*, No. 1:21-cv-16, 2021 U.S. Dist. LEXIS 187062, at *4–5 (N.D. W. Va. Feb. 16, 2021) (dismissing Fourth Circuit Court of Appeals Judges as defendants in a *Bivens* actions on the basis of judicial immunity), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 185846 (N.D. W. Va. Sept 28, 2021); *Clinton v. Groh*, 2023 U.S. Dist. LEXIS 107525, No. 5:22-cv-230, 2023 U.S. Dist. LEXIS 107525, at *3–6 (N.D. W. Va. June 21, 2023) (overruling Clinton's objections and dismissing his claims against Judge Groh on the basis of

judicial immunity). The latter case prompted the Northern District of West Virginia to declare Clinton a vexatious litigant and enjoin him from filing any new actions unless he pays the full filing fee or provides an affidavit from attorney in good standing in the District "attesting that he or she has reviewed such complaint or petition and that the factual allegations contained therein provide a good-faith basis for venue in this Court." *In re Clinton*, No. 1:22-mc-49, 2022 U.S. Dist. LEXIS 241835, at *1–2 (N.D. W. Va. Dec. 14, 2022). The Court cautions Clinton that filing future actions that assert frivolous claims similar to the ones asserted here may result in similar sanctions being imposed against him in the Northern District of Ohio.

## V. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. §1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 18, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**